## Povelitis et al. v. Book's Shoe Company, Inc., et al.

*Harold L. Roth,* for plaintiffs.

*Thompson, Bradshaw, Reed, Ewing & Ray* and *Rowley & Smith,* for defendants.

SOHN, J., June 1, 1949.—Alice T. Povelitis and John G. Povelitis, plaintiffs, filed a complaint in trespass against Book's Shoe Company, Inc., and the Borough of Ambridge, defendants, on May 14, 1948. Acceptance of service on behalf of these defendants appears of record. On June 18, 1948, an amended complaint was filed naming the original defendants, and naming Herman D. Cummings and Lillian L. Cominsky as defendants. In the amended complaint it is alleged that Herman D. Cummings is a resident of the Borough of Leetsdale, Allegheny County, and "is presently located with the Securities and Exchange Commission, Philadelphia 3, Pa". It is alleged that Lillian L. Cominsky is a resident of Leetsdale, and "presently resides at 1335 Illinois Avenue, Atlantic City, New Jersey". The Sheriff of Beaver County deputized the Sheriff of Allegheny County to make service. The Sheriff of Allegheny County made a return that he was unable to find defendants in his county. The return by the Sheriff of Beaver County, dated July 12, 1948, is that he served the Secretary of the Commonwealth, Herman D. Cummings, and Lillian L. Cominsky by "mailing a true and attested copy of the amended complaint by registered letter according to Rule of Civil Procedure 2077 (a) and 2079 (a) ". There is attached to the sheriff's return a post office return receipt signed by Lillian L. Cominsky, and another signed for the Secretary of the Commonwealth. Another receipt is attached to the return. It is postmarked Washington, D. C., and signed "Secu-

rities and Exchange Commission. H.B.J., A. P. Antonelli".

On July 16, 1948, counsel for defendant, Book's Shoe Company, Inc., conformably to Rule 1017($b$) (4) filed a demurrer alleging that the complaint does not state a cause of action. This contention is based on the allegation that the building is one of multiple tenancy, and the complaint does not aver that Book's Shoe Company, Inc., is the only tenant. It is averred that defendant, Book's Shoe Company, Inc., owes plaintiffs no legal duty under the circumstances alleged in the complaint. We have examined the complaint and conclude that the proposition advanced by Book's Shoe Company, Inc., is not so clearly established by the complaints as would require that we sustain the demurrer. The demurrer will therefore be overruled, without prejudice to the right of defendant, Book's Shoe Company, Inc., to raise the question in an appropriate manner at the trial of the case.

By præcipe, plaintiffs reinstated the amended complaint September 1, 1948. Judgment was entered against defendant, Lillian L. Cominsky, on October 6, 1948, on præcipe of counsel for plaintiffs in default of an appearance. On October 8, 1948, Lillian L. Cominsky moved to strike off the judgment. Four reasons are assigned in support of this motion. One reason is that Rule of Civil Procedure 2082 was not complied with. We sustain the motion on this ground, and therefore do not discuss the other reasons assigned. Rule 2082 is:

"No judgment shall be entered against a defendant who has not been personally served or who has not appeared as a party in the action until the plaintiff has given the defendant such notice as the court by general rule or special order shall direct."

The foregoing rule requires that no judgment shall be entered until plaintiff has given such notice as the court by general rule or special order shall direct. We

are not concerned with whether or not such notice is necessary in the instant case to afford Lillian L. Cominsky an opportunity to appear and defend the action. The rule specifically directs that no judgment shall be entered until such notice is given. Admittedly no such notice was given. The judgment against Lillian L. Cominsky was entered in violation of the provisions of the rule, and will be stricken from the record.

Lillian L. Cominsky entered a special appearance to move to strike off the judgment, and to file preliminary objections questioning the validity of the service upon her. Herman D. Cummings filed preliminary objections and therein he averred that service upon him is null and void. We shall consider together the reasons assigned in support of preliminary objections filed by both parties. The question is set forth in the statement of questions involved as: Where a complaint in trespass, sworn to by plaintiffs, alleges that a defendant is a citizen and resident of the Commonwealth of Pennsylvania, can defendant be legally served by registered mail? In the amended complaint, plaintiffs allege that Herman D. Cummings is a citizen and resident of Leetsdale, Pa., and presently located at Philadelphia, Pa. It is alleged that Lillian L. Cominsky is a citizen and resident of Leetsdale, Pa., and presently resides in Atlantic City, N. J. The allegations as to the residence of Lillian L. Cominsky are contradictory. If she resides in Leetsdale, Pa., she is not a nonresident of Pennsylvania. If she resides in Atlantic City, N. J., she is a nonresident of Pennsylvania. The general rule is that conflicting allegations in a pleading are construed against the pleader, and in case of inconsistent allegations, he is bound by those which are against him: 49 C. J. S. 129, p. 128. We therefore conclude, for the purposes of this opinion, that Lillian L. Cominsky is a resident of Pennsylvania. Except for this inconsistency, we would hold that service on her was

valid. However, we cannot determine which averment plaintiffs intend shall stand. Therefore, we apply the rule of construction heretofore referred to.

Rule of Civil Procedure 2077 is in part:

"(a) The rules of this chapter apply to:

"(1) Actions as to which the laws of this Commonwealth authorize service of process upon a non-resident, or a resident who becomes a non-resident or who conceals his whereabouts."

In the instant case, as heretofore decided, we have a situation in which plaintiff alleges in the complaint that defendants are residents of Pennsylvania. Service was had under the provisions of the rule which authorize service on nonresidents of Pennsylvania. Service in this manner cannot be sustained. Constructive service is not valid unless there is direct authority of statute (or rule). Where a court issues its original process beyond its own territorial jurisdiction, the jurisdictional facts authorizing the emanation of such process must be set out in the declaration, complaint or petition: 49 C. J. S. §150. Plaintiffs have not alleged, in the complaint, facts which would support service outside the Commonwealth under the rule providing for service on nonresidents. The service of process upon which plaintiffs rely is contrary to the pleadings. The service of process must be set aside.

## Orders

And now, to wit, June 1, 1949, for the reasons set forth in the foregoing opinion, it is ordered, adjudged and decreed that the demurrer filed by Book's Shoe Company, Inc., be overruled, without prejudice to defendant's right to raise the question therein presented at the trial of the cause.

It is ordered, adjudged and decreed that the judgment entered against Lillian L. Cominsky at the above term and number be stricken from the record.

It is ordered, adjudged and decreed that preliminary objections filed by defendants, Herman D. Cummings and Lillian L. Cominsky, as to service of process are sustained, and service of process as to defendants is set aside.